## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
## CHARLOTTE DIVISION

| | | |
|---|---|---|
| DAVID GORDON OPPENHEIMER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 3:17-cv-_____ |
| | ) | |
| | ) | |
| CAPSTONE APARTMENT PARTNERS, | ) | (Jury Trial Demanded) |
| LLC, and BRIAN D. FORD, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## COMPLAINT

Plaintiff David Gordon Oppenheimer ("Oppenheimer"), complaining against Defendants

Capstone Apartment Partners, LLC, ("Capstone") and Brian D. Ford ("Ford") (collectively,

"Defendants"), alleges and states as follows:

## NATURE OF ACTION

1.     This action arises under the Copyright Act, 17 U.S.C §§ 101, *et seq*., and 17

U.S.C §§ 501, *et seq*., for infringement of a copyright registered with the United States

Copyright Office, and the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1202, *et*

*seq*., for the alteration or removal of copyright management information relating to the

infringement.

## PARTIES

2.     Plaintiff is a citizen of North Carolina engaged in the business of professional photography residing in, and having a principal place of business in, Asheville, Buncombe County, North Carolina.

3.     Defendant Capstone is a limited liability company organized and existing under the laws of the State of North Carolina with a principal place of business in Charlotte, Mecklenburg County, at North Carolina at 1600 Camden Road, Suite 103, Charlotte, North Carolina 28203-4756.  Capstone's registered agent for service of process is Paul H. Bass, Esq., and its registered office is 8145 Ardrey Kell Road, Suite 202, Charlotte, North Carolina 28277-5721.

4.     Upon information and belief, Defendant Ford is a citizen of North Carolina residing in Mecklenburg County at 4200 Denbigh Drive, Charlotte, North Carolina 28226. Defendant Ford is the manager of Capstone pursuant to N.C.G.S. § 57D-3-20.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

6.     Venue is proper in this District pursuant to 28 U.S.C. § 1400(a) and 28 U.S.C. § 1391 because Defendants reside in this District, are engaged in substantial activity within this District, and because the acts complained of herein have caused harm to Plaintiff in this District.

## BACKGROUND FACTS

7.     Plaintiff is the author (photographer) of, and the owner and proprietor of all right, title, and interest in and to, certain photographs known as "Aerial and Aviation Photographs Taken on Nov. 1 2013," covered by Copyright Registration, Number VAu 1-156-844, bearing a

November 9, 2013, effective date of Registration. A copy of the Certificate of Registration is attached hereto as Exhibit A. A photograph depicting an aerial view of downtown Asheville having a file name of "2013Nov1Aerial_and_Aviation_OPP1000.jpg" was deposited with the application for registration. A copy of the subject aerial photograph is attached as Exhibit B hereto bearing subsequently added copyright information ("the Photograph").

8.     Plaintiff has complied in all respects with Title 17 of the United States Code (Copyright Act of 1976) and all other United States laws governing copyrights, and has secured the exclusive rights and privileges in and to the copyrights referenced above including the subject aerial Photograph of downtown Asheville.

9.     Since the date of registration, Plaintiff has held all the exclusive rights to the registered Photograph, including, without limitation, the rights to reproduce the work, to prepare derivative works, to distribute copies to the public, and to display the work publicly pursuant to 17 U.S.C. § 106.

10.    After registration, Plaintiff published the aerial Photograph depicted at Exhibit B on his website with copyright management information (CMI), including a watermark at: <http://www.performanceimpressions.com/Asheville_Aerial_Photography_2013/content/Ashevi lle_Aerial_Photo_OPP1000_large.html>.

11.    Plaintiff's copyright referenced above is presently valid and subsisting, was valid and subsisting from the moment of creation in the year 2013, and has been valid and subsisting in all conditions precedent to the filing of this suit.

## INFRINGEMENT FACTS

12.    Plaintiff hereby incorporates the preceding paragraphs as if restated verbatim.

13.     In April 2014, Plaintiff discovered that the Photograph shown at Exhibit B had been placed onto Capstone's "Multi-Family Market Summary and Activity Report for Winter 2014," which was available to the public on Capstone's website: <http://capstoneapts.com/ wp-content/uploads/2014/02/Asheville-Winter-2014_web.pdf>.  (Exhibit C).  As shown in Exhibit C, the CMI had been removed from the protected aerial Photograph.

14.     When Plaintiff checked his records, he determined that he had never licensed his copyright-protected Photograph to either of the Defendants.  In May and June 2014, Plaintiff contacted Defendants via email at (info@capstoneapts.com) and (brian@capstoneapts.com) requesting contact information for the individual(s) that created and published the Market Summary, which included the copyright-protected Photograph having CMI removed, and information regarding distribution of the Market Summary including the Photograph. Thereafter, Plaintiff sent a "cease and desist" letter (Exhibit D).

15.     On information and belief, the inclusion of the infringing copy of the copyright-protected Photograph having CMI removed on the "Multi-Family Market Summary and Activity Report for Winter 2014" was for the purpose of advertising, marketing, and/or promotion, and Defendants had a financial interest in the infringing activities, and/or realized profit attributable from or through the infringing activities.

## **VICARIOUS LIABILITY**

16.     Plaintiff hereby incorporates the preceding paragraphs as if restated verbatim.

17.     Inasmuch as Ford is the principal and/or manager of Capstone, or otherwise had the right to control its activities, he had knowledge of the infringing activities and removal of the CMI, and/or had a financial interest in the activities.

18.     On information and belief, Ford provides decision-making in the activities of Capstone in his role as the principal and/or manager of Capstone, and he has a direct financial interest in the infringement and removal of CMI described herein.

19.     The conduct of Capstone as described above was performed and accomplished through the direction, control, and/or conduct of Ford personally, as an owner and/or manager of Capstone.   Ford had the right and ability to prevent Capstone from removing the CMI and infringing the protected Photograph from which the CMI had been removed, and/or to stop the infringement once begun.  Additionally, on information and belief, Ford received pecuniary benefit from Capstone's acts described herein.

20.     Accordingly, Ford is personally liable to Plaintiff as a joint and/or contributory infringer, or is otherwise vicariously liable for the actions of Capstone.

**FIRST CAUSE OF ACTION**
**(Copyright Infringement (17 U.S.C. § 501))**

21.     Plaintiff hereby incorporates the preceding paragraphs as if restated verbatim.

22.     Plaintiff owns the exclusive rights to the copyrighted Photograph described above.

23.     Defendants have infringed Plaintiff's copyright in and to the above-described Photograph (shown at Exhibit B) by scanning, copying, reproducing, distributing, publishing, and/or otherwise using, unauthorized copies of said photographs in violation of the Copyright Act, 17 U.S.C. § 501.

24.     The above-described acts of Defendants constitute direct willful infringement of Plaintiff's copyright in the subject photograph under 17 U.S.C. § 504(b) and (c).

5

25.     As a direct and proximate result of Defendants' infringement of Plaintiff's copyright in the Photograph, Plaintiff has suffered damages including lost profits.

26.     Pursuant to 17 U.S.C. § 504(a), Plaintiff is entitled to and seeks to recover actual damages plus Defendants' profits, or statutory damages up to $150,000.

27.     Pursuant to 17 U.S.C. § 505, Plaintiff is entitled to and seeks to recover the costs of this action, including reasonable attorneys' fees.

28.     Plaintiff is further entitled to and seeks to recover declaratory relief and injunctive relief.

## SECOND CAUSE OF ACTION
### (Violation of the DMCA (17 U.S.C. § 1202))

29.     Plaintiff hereby incorporates the preceding paragraphs as if restated verbatim.

30.     Without authority of Plaintiff or otherwise under the law, Defendants reproduced, displayed, distributed, and/or used one or more reproductions of the protected aerial Photograph from which the (CMI) had been removed as shown in Exhibit C.

31.     Upon information and belief, Defendants intentionally removed and/or omitted Plaintiff's CMI from copies of Plaintiff's protected Photograph, and/or reproduced, displayed, distributed, and/or used one or more copies knowing that the CMI had been removed and/or omitted.

32.     Upon information and belief, Defendants reproduced, displayed, distributed, and/or used copies or derivatives of the protected Photograph knowing that such CMI had been removed or omitted without authorization.

33.     At the time Plaintiff's CMI was removed from his protected Photograph, and at the time Defendants reproduced, displayed, distributed, and/or used copies of the work from which the CMI had been removed or omitted, Defendants knew or had reasonable grounds to

6

know that such behavior would induce, enable, facilitate, and/or conceal the infringement of Plaintiff's rights.

34.     Defendants acts described above violated the D.M.C.A., 17 U.S.C. § 1202.

35.     Plaintiff is entitled and seeks to recover statutory damages from Defendants not exceeding $25,000 for each act committed in violation of his rights under 17 U.S.C. § 1202.

36.     Pursuant to 17 U.S.C. § 1203(b)(5), Plaintiff is entitled and seeks to recover the costs of this action, including his reasonable attorneys' fees.

## CAUSATION/DAMAGES

37.     As a direct and proximate result of Defendants' above-described acts of copyright infringement and DMCA violations, Plaintiff has sustained actual damages in an amount not yet ascertained, but which is believed to be thousands of dollars.  Such actual damages include, but are not limited to, research time tracking down and documenting the infringements, lost profits and/or lost licensing revenue, disgorgement of Defendants' profits attributable to their infringements, and attorney time spent researching and corresponding with Defendants, drafting and filing this suit, and litigation of same through to jury verdict, including any appeals.

38.     In addition to damages for copyright infringement, Plaintiff seeks recovery of DMCA penalties as set out above.

39.     Plaintiff seeks to recover statutory damages for Defendants' infringements within the provisions of the Copyright Act in a sum up to and including $150,000 per infringement.

WHEREFORE, Plaintiff respectfully requests that he be granted relief and judgment against Defendants as follows:

1.      Order that Defendants' unauthorized conduct violates Plaintiff's rights under the Federal Copyright Act at 17 U.S.C. §101, *et seq*.;

7

2. Order Defendants to account to Plaintiff for all gains, profits, and advantages derived from the Defendants' infringement of the Photograph;

3. Order Defendants to pay Plaintiff all profits and damages in such amount as may be found pursuant to 17 U.S.C. § 504(b) (with interest thereon at the highest legal rate) for the Defendants' infringement; alternatively, maximum statutory damages in the amount of $30,000 for each infringement pursuant to 17 U.S.C. § 504 (c)(1), maximum statutory damages in the amount of $150,000 for each infringement of the registered Photograph pursuant to 17 U.S.C. § 504(c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 504;

4. Award Plaintiff actual damages suffered and profits for each violation of 17 U.S.C. § 1202(a) and (b), pursuant to 17 U.S.C. § 1203(c)(2); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

5. Award Plaintiff maximum statutory damages in the amount of $25,000 for each violation of 17 U.S.C. § 1202(a) and (b), pursuant to 17 U.S.C. § 1203(c)(3)(B); or such other amount as may be proper pursuant to 17 U.S.C. § 1203;

6. Order that Ford is contributorily liable for the direct infringement of Plaintiff's registered Photograph and violation of 17 U.S.C. § 1202(a) and (b);

7. Order that Ford is vicariously liable for the direct infringement of Plaintiff's registered Photograph and violation of 17 U.S.C. § 1202(a) and (b);

8. Order the Defendants to pay Plaintiff his costs of litigation and reasonable attorneys' fees in this action, pursuant to 17 U.S.C. § 505 and 17 U.S.C. § 1203;

10. Order the Defendants to deliver to Plaintiff all copies of the Photograph and all other materials containing such infringing copies of the Photograph in their possession, custody, or control;

11.     Order the Defendants, their agents, and servants to be enjoined, during the pendency of this action and permanently, from infringing the copyrights of Plaintiff in any manner and from reproducing, distributing, displaying, or creating derivative works of the Photograph; and

12.     Such other and further relief as the Court deems just and proper.

Respectfully submitted this 6th day of March, 2017.

s/Justin A. Jernigan
Justin A. Jernigan
N.C. State Bar No. 38920
John P. Higgins
N.C. State Bar No. 17442
John C. Nipp
N.C. State Bar No. 23406
Additon, Higgins & Pendleton, P.A.
10706 Sikes Place, Suite 350
Providence Park
Charlotte, NC  28277
T: (704) 945-6734
F: (704) 945-6735
jjernigan@ahpapatent.com

*Attorneys for Plaintiff David Gordon Oppenheimer*
